SEYFARTH SHAW LLP
Timothy L. Hix (SBN 184372)
thix@seyfarth.com
Lukas T. Huldi (SBN 357194)
lhuldi@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
QVC, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS AVILA RODRIGUEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>QVC, INC.; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No. _____<br><br>San Bernadino Superior Court Case No. CIVSB2532964<br><br>**DEFENDANT QVC, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. §§ 1332, 1441]**<br><br>Action Filed:     Nov. 10, 2025<br>Trial Date:       None Set |

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL

To the United States District Court for the Central District of California and to Plaintiff Luis Avila Rodriguez and his attorneys of record:

Please take notice that Defendant QVC, Inc. ("Defendant" or "QVC") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a)–(b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of San Bernadino, to the United States District Court for the Central District of California, and state that removal is proper for the following reasons:

## I.   BACKGROUND

1.   On November 10, 2025, Plaintiff Luis Avila Rodriguez ("Plaintiff"), an individual filed an unverified Complaint in the Superior Court for the State of California, County of San Bernadino, entitled *Luis Avila Rodriguez v. QVC, Inc.; and DOES 1 through 20, Inclusive*, designated as Case No. CIVSB2532964. In the Complaint, Plaintiff asserts twelve cause of action against Defendant (1) Discrimination in Violation of FEHA; (2) Failure to Prevent Discrimination (FEHA); (3) Retaliation in Violation of FEHA; (4) Harassment in Violation of FEHA; (5) Failure to Prevent Harassment in Violation of FEHA; (6) Violation of Labor Code § 98.6; (7) Violation of Labor Code § 1102.5; (8) Violation of Labor Code § 6310; (9) Violation of the California Family Rights Act; (10) Failure to Engage in a Good Faith Interactive Process; (11) Failure to Provide Reasonable Accommodation; (12) Violation of Labor Code § 233.

2.   On November 25, 2025, Plaintiff served Defendant with the Summons, Complaint, Civil Case Cover Sheet, and Certificate of Assignment through Defendant's registered agent for service of process. True and correct copies of the foregoing documents served on Defendants are attached as **Exhibit A** to the Declaration of Timothy L. Hix.

3.   Defendant filed its Answer to the Complaint with the San Bernadino Superior Court on December 16, 2025. (Hix Decl. Ex B.)

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL

## II.     TIMELINESS OF REMOVAL

4.      This notice of removal is timely as it is filed within thirty days of the service of the Summons and Complaint upon QVC, Inc., the moving defendant. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint); Fed. R. Civ. P. 6(a)(1), (a)(6) (period continues to run until the next day that it not a legal holiday).

## III.     JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5.      The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a), as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      **Plaintiff's Citizenship.** "An individual is a citizen of the state in which []he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

7.      At the time Plaintiff filed this civil action, Plaintiff was a citizen and resident of the State of California. (Compl. ¶ 1; Flores Decl. ¶ 8.)

8.      **Defendant's Citizenship.** In a removal, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its

3

headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

9. QVC, Inc. is and was at the time the civil action was instituted a corporation incorporated under the laws of Delaware. (Flores Decl. ¶ 9.)

10. Furthermore, QVC, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Pennsylvania. (Flores Decl. ¶ 10.)

11. Accordingly, QVC, Inc. is a citizen of Delaware and Pennsylvania, not California. Because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Pennsylvania, the requisite diversity of citizenship exists. 28 U.S.C. § 1332(c)(1).

12. **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

13. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Furthermore, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL

14.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

15.    In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. § 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorney's fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorney's fees and punitive damages).

16.    The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL

17. Plaintiff's Complaint asserts twelve causes of action under California law, including claims for discrimination, retaliation, harassment, failure to accommodate, and violations of multiple Labor Code provisions. These claims permit recovery of compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *See* Cal. Gov't Code §12965(b); Cal. Lab. Code §§98.6, 1102.5, 6310, 233.

18. Plaintiff's own settlement demand confirms a significant portion of the necessary amount in controversy. On May 16, 2025, Plaintiff sent Defendant a written demand for $66,000. (Hix Decl. Ex. C, at 3.) The letter specified that the demand consisted of $60,000 for emotional distress damages and $6,000 for attorney's fees. (*Id.*) Courts in this Circuit recognize that a plaintiff's settlement demand is "relevant evidence of the amount in controversy" and may alone establish removability. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).[1]

19. Moreover, Plaintiff seeks punitive damages under the Fair Employment and Housing Act and related statutes. Punitive damages are properly considered in determining the amount in controversy and may equal or exceed compensatory damages. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Even a conservative estimate—matching Plaintiff's claimed $60,000 in emotional distress damages—would add another $60,000 in punitive damages, bringing the total to at least $120,000, exclusive of attorney's fees and statutory penalties. Attorney's fees under FEHA are recoverable by statute and further increase the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

---

[1] Rule 408 of the Federal Rules of Evidence does not bar the use of settlement offers to determine the amount in controversy. *Cohn*, 281 F.3d at 840 n.3. The Court of Appeals for the Ninth Circuit has held that the use of settlement offers to show the amount in controversy—rather than liability or the validity of a claim—is permissible under Rule 408. *Id.* (permitting use of settlement offer to indicate Plaintiff's assessment of claim).

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL

20. Accordingly, Plaintiff's own valuation, combined with potential punitive damages and statutory attorney's fees, demonstrates that the amount in controversy exceeds $75,000.

21. ***Emotional Distress Damages.*** As discussed above and in addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 13, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69; Prayer for Relief No. 4) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the court stated that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

22. In fact, such damages regularly exceed $122,000. A review of jury verdicts in California alleging similar facts or claims demonstrates as much. *E.g.*, *Corprue v. City of Lawndale*, No. 20STCV14617, 2025 WL 2658560, (Cal. Super. Mar. 21, 2025) (jury award of $409,405 for noneconomic loss on claims of disability discrimination, failure to accommodate, retaliation, failure to prevent, investigate, and correct FEHA violations, and harassment); *Roque v. Octapharma Plasma Inc.*, No. 37-2021-00020936-CU-WT-CTL, 2024 WL 5007307 (Cal. Super. Sept. 9, 2024) (jury awarded employee $1,155,000 for mental and emotional distress in disability discrimination and failure to accommodate action); *McCray v. Westrock Servs. LLC*, No. 2:21CV09853, 2023 WL 6572683 (C.D. Cal. Aug. 24, 2023) (jury award of $2,500,000 for pain and suffering to employee in disability discrimination, failure to accommodate, and FEHA violations); *Vince v. City of Los Angeles*, No. BC704165, 2022 WL 3154685 (Cal. Super. May 9, 2022) (jury awarded employee $3,500,000 for pain and suffering in disability discrimination and failure to accommodate); *Gonzalez v, Swissport SA LLC*, No BC685391, 2020 WL

7

2466759 (Cal. Super. Feb. 10, 2020) (jury award of $1,050,000 for pain and suffering for disability discrimination and failure to prevent discrimination in violation of FEHA and wrongful termination); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Cal. Super. Nov. 12, 2013) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA, failure to accommodate, and disability discrimination action). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

23.    ***Attorney's Fees.*** Plaintiff claims statutory entitlement to attorney's fees. (Compl., Prayer for Relief No. 6.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Here, Plaintiff asserts several claims that authorize statutory attorneys' fees. (Compl. First–Fifth, Seventh–Eleventh Causes of Action.) Plaintiff's first through fifth, and seventh through eleventh causes of action are FEHA-based claims for which attorney's fees are authorized under California Government Code section 12965(b)(6).

24.    Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Hix Decl. ¶ 7.) Here, if Plaintiff prevails, he could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, courts have awarded attorney's fees in excess of $75,000 in cases involving discrimination. *E.g.*, *Fernandez v. Arm & J. Corp.*, No. 19STCV26912, 2021 WL 8343547 (Cal. Super. June 23, 2021) (attorneys' fee award of $753,680 in disability discrimination and failure to accommodate action); *Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Cal. Super. Sept. 29, 2010) (approving attorneys' fee award of $159,762.50 in failure to accommodate or engage in interactive process action); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL

WL 5305734 (S.D. Super. Sept. 16, 2006) (attorneys' fees award of $490,000 after jury verdict in disability discrimination and failure to accommodate action).

25. ***Punitive Damages.*** Plaintiff also seeks punitive damages in the Complaint. (Compl. ¶¶ 14, 20, 25, 30, 35, 40, 45, 50, 55, 60, 65, 70, Prayer for Relief ¶¶ 4–5, 9.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

26. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in disability discrimination cases. *E.g.*, *Roque v. Octapharma Plasma Inc.*, No. 37-2021-00020936-CU-WT-CTL, 2024 Jury Verdicts LEXIS 3318 (Cal. Super. Sept 9, 2024) (jury awarded employee $9 million in punitive damages in disability discrimination and failure to accommodate case); *Contreras-Velazquez v. Family Health Ctrs. of San Diego, Inc.*, 62 Cal. App. 5th 88 (2021) (upholding employee's 2:1 punitive damages award of $1,831,290 in disability discrimination case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million—equal to the compensatory damage award—was appropriate in disability discrimination and harassment case); *see also Juarez v. Autozone Stores, Inc.*, No. 3:08-cv-00417-WVG, 2011 WL 1532070 (S.D. Cal. Nov. 18, 2014) ($185 million punitive damages verdict for plaintiff in pregnancy discrimination case).

27. In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

9

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL

28.     Because diversity of citizenship exists between Plaintiff, and QVC, Inc., and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

**IV.     VENUE**

29.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a), because this action originally was brought in the Superior Court of the State of California, County of San Bernadino. Plaintiff alleges that Defendant conducted business in the County of San Bernardino. (Compl. ¶ 5.) Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**V.     NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT**

30.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Bernadino.

**VI.     PRAYER FOR REMOVAL**

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Bernadino, to the United States District Court for the Central District of California.

DATED: December 19, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Timothy L. Hix
Lukas T. Huldi
Attorneys for Defendant
QVC, Inc.

10

DEFENDANT QVC, INC.'S NOTICE OF REMOVAL